W. J. COX COMPANY, INC., Plaintiff and Appellee, *v.* EUSEBIO SÁNCHEZ ET AL., Defendants and Appellants.

No. 4994.   Argued February 14, 1930.—Decided December 9, 1930.

*G. Cruzado Silva* for appellants.   *A. Díaz Viera* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

In this case the plaintiff alleged that it is a Puerto Rican corporation; that the defendants subscribed in its favor several promissory notes drawing interest, and that they have failed to pay several of such promissory notes amounting to $779.93, with interest thereon up to the filing of the complaint, and prayed that they be adjudged to pay to the plaintiff the said sum together with interest thereon.

The defendants filed an answer, in which they pleaded as a first defense the insufficiency of the complaint, and denied each and every one of the allegations thereof.

The case was tried in the District Court of San Juan, which gave judgment for the plaintiff, and from that judgement the present appeal has been taken.

We transcribe from the opinion of the trial court, as follows:

"Walter Cox & Co. sold a truck to Eusebio Sánchez, who was guaranteed by Gregorio Meléndez and Aniano Martínez, and delivery was made to the plaintiff of 10 promissory notes payable to its order which appear to have been subscribed by Eusebio Sánchez, Gregorio Meléndez, and Aniano Martínez. Four of the promissory notes were paid by defendant, Eusebio Sánchez, and six were left unpaid and are sued on in this action, as follows:

| | |
|---|---|
| "No. 5, due October 1, 1925, amount | $129. 67 |
| "No. 6, due November 1, 1925, amount | 130. 60 |
| "No. 7, due December 1, 1925, amount | 131. 54 |
| "No. 8, due January 1, 1926, amount | 132. 47 |
| "No. 9, due February 1, 1926, amount | 133. 40 |
| "No. 10, due March 1, 1926, amount | 80. 60 |
| Total | $738. 28 |

"In the said promissory notes the subscribers bound themselves to pay interest at 9% annually from and after maturity and in addition to pay the costs and disbursements in case of judicial claim, including attorney's fees.

"Walter J. Cox testified that he is Vice President and Treasurer of Walter J. Cox & Co.; that the truck was sold to Eusebio Sánchez, whose guarantors were Gregorio Meléndez and Aniano Martínez, whom he knows; that he accepted from the defendants the promissory notes, and that the first four were paid in instalments after the defendants had been granted several extensions, and that neither the principal nor the accrued interest on the 6 overdue notes had been paid, notwithstanding the demands for payment made on the defendants, who owed, when the complaint was filed on August 20, 1926, the sum of $779. 93.

"At the trial, the defendant, Eusebio Sánchez, stated that he had not subscribed the notes as he could neither read nor write, and that the sale of the truck was made to one Pepe Náter, *alias* El Isleño, and although Walter J. Cox himself had stated that the sale of the truck had been recommended by attorney Andrés B. Crosas, who informed him that the promissory notes were correct, without the said Walter J. Cox positively stating that the notes had been signed in his presence, the said notes were delivered by the defendants to the plaintiff through Walter J. Cox in the course of the sale of the truck to said defendant, Eusebio Sánchez, who

admitted not only having received the truck, but also the debt and the fact that the same had not been paid, the authenticity of the notes thus being shown.

"See Royal Bank of Canada v. Buenahora et al., 36 P.R.R. 765."

The appellants have assigned four errors, of which the first is formulated thus:

"The District Court of San Juan, P. R., erred in admitting in evidence the six promissory notes, which appear transcribed as documentary evidence of the plaintiff on page 20 of the transcript of the evidence, notwithstanding the objection made by the defendants at the time the said evidence was offered."

The above assignment is predicated on the claim that the complaint failed to allege the delivery of the notes, an essential allegation, and on the failure to show the authenticity of the instruments.

It is true that the delivery of the notes is not alleged in the complaint; but at the trial the defendants allowed witness W. J. Cox to testify, without objection, regarding that particular and to answer questions. The proper determination of this point is controlled by the doctrine laid down in *P. Gandía & Co.* v. *Hernández,* 36 P.R.R. 181, and *Villar, Sánchez & Co.* v. *Cintrón et al.,* 35 P.R.R. 529.

The fact that but a single witness testified as regards the notes lacks the importance attached to it, provided the judge believed such witness, as happened in the present case, where it appears that he not only took into account the testimony of Cox but also the whole of the evidence.

It is charged as error that the court found against the defendants without a showing that W. J. Cox, Inc., is a duly organized corporation, and that the notes were executed in favor of a person other than the one prosecuting the action.

It is true that the best evidence of the existence of a corporation is the certificate issued by the proper officer. But we find in the present case, from a reading of the testimony of Walter J. Cox, that on direct examination he was questioned regarding his connection with W. J. Cox Co. and his

584

position therein and that all his testimony is logically consistent with the complaint, in which W. J. Cox Co., Inc., appears as plaintiff. That evidence and the various questions put to Walter J. Cox were introduced without any objection, and the trial court acted properly in taking it into account when considering the evidence as a whole.

For similar reasons, we are of the opinion that the third error is without merit. We likewise hold that there is no merit in the fourth error, which was assigned as follows:

"The court erred in weighing the evidence as a whole and in holding that the defendants were bound to pay to the plaintiff the amount specified in the judgment, notwithstanding the fact that the complaint does not state a cause of action."

The judgment appealed from must be affirmed.